### LITTLE v. GRIECO–GIBBS, Inc.
No. 6580.

District Court, D. Massachusetts.
Dec. 18, 1935.

Martin Witte and Maurice B. Ulin, both of Boston, Mass., for plaintiff.

Stanley M. Bolster and H. L. Kirkpatrick, both of Boston, Mass., for National Rockland Bank of Boston.

SWEENEY, District Judge.

I believe that the attachment in this case should stand. It has long been the practice in this District Court to allow attachments in cases other than those which were causes of action at common law. Not only have attachments been allowed in other patent cases, but they have also been allowed in actions for wrongful death and in other similar cases.

The construction of the statute embodied in Dixon v. Corinne Runkel Stock Co. et al. (D.C.) 214 F. 418, seems too narrow. Likewise the construction urged by the plaintiff; namely, that the phrase "common law causes" is synonymous with common-law forms of action, seems too broad. I believe that Congress, when enacting this statute (28 U.S.C.A. § 726), had in mind extending to the federal courts in each District, when such court was sitting as a common-law court as dis-

tinguished from an admiralty or an equity court, the same powers with regard to attachments as existed in the state in which the court was located. There can be little reason advanced why the Congress would attempt to grant the right of attachment in causes of action arising under the common law, and withhold the right in causes of action arising under statutes.

The defendant's motion to vacate the warrant of attachment and to dissolve the attachments is denied.